IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL LEE HOULE,

    Plaintiff,　　　　　　　　　　　CV F 05 1231 AWI WMW P

  vs.　　　　　　　　　　　　　　　　ORDER DISMISSING COMPLAINT
　　　　　　　　　　　　　　　　　　　　WITH LEAVE TO AMEND

M. THOMPSON,

    Defendant.

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this civil rights action against Defendant M. Thompson, a Registered Nurse employed by the Department of Corrections at Pleasant Valley State Prison.

    Plaintiff's sole claim in this complaint is that Defendant has deprived Plaintiff of adequate medical care in violation of the Eighth Amendment.

    A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference"

standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff alleges that defendant Thompson is providing him with deficient care. Plaintiff was injured in June of 2005 as a result of an altercation with a correctional officer. Plaintiff suffered back and jaw injuries.  Plaintiff alleges that, since then, he suffers from "back pain, chest pain, neck problems, also my eyesight has been way off and I experience dizziness to where I have passed out twice."

Plaintiff alleges generally that Thompson makes two visits a day to take the vital signs and examine inmates, like Plaintiff, who are confined to quarters for medical reasons. On an unspecified date in August of 2005, Thompson noted that Plaintiff had "a very irregular heart beat. . . . . also I had a tightening sensation in my chest." Plaintiff alleges that on numerous occasions he spoke to Thompson about his medical problems, but "it always went ignored prior to the MRI." Plaintiff underwent an MRI, with result of "clear." Thompson informed Plaintiff "that did not mean nothing was wrong." Thompson told Plaintiff that she would place him on a list to see a physician, and would prescribe Motrin. Plaintiff alleges that Thompson did not order the Motrin. Prior to the MRI, Plaintiff was been ordered by the doctor to see an optometrist, have a second Chest X-ray, and receive Motrin. Plaintiff contends that as of July of 2005, he "still had received nothing" for his medical problems.

Plaintiff informed Thompson of his dissatisfaction with his medical care. Thompson told Plaintiff that she would take care of them. Plaintiff alleges that "a good time" has passed, and nothing has been done.

The court finds the allegations as to Defendant Thompson to be vague. As noted, in order to state a claim, Plaintiff must allege facts indicating that Thompson knew of and disregarded an excessive risk to Plaintiff's health. The facts alleged indicate that Thompson has not followed through on her promise to provide Motrin for Plaintiff, or to have Plaintiff seen by a physician. In order to hold Thompson liable, Plaintiff must allege facts indicating that she was deliberately indifferent to an excessive risk to Plaintiff's health, resulting in injury to Plaintiff. Plaintiff may not hold Thompson liable for dissatisfaction with medical care in general. Plaintiff's allegations indicate that Thompson visited Plaintiff regularly, suggested that he be placed on a list to be seen by a physician, and indicated that he should receive Motrin for pain. That Plaintiff has yet to receive his medication or be seen by a physician does not, of itself, constitute deliberate indifference. There are no facts alleged that Thompson caused delay, or

that any delay caused Plaintiff injury.

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   July 18, 2006**                          **/s/  William M. Wunderlich**
mmkd34                                              UNITED STATES MAGISTRATE JUDGE